Hannah Shearer (CA Bar No. 292710)
Giffords Law Center to Prevent Gun Violence
268 Bush Street #555
San Francisco, CA 94104
hshearer@giffords.org
Phone: (415) 433-2062
Fax: (415) 433-3357

Robin F. Thurston (IL Bar No. 6293950)
(*pro hac vice motion to be filed*)
Democracy Forward Foundation
P.O. Box 34553
Washington, DC 20043
rthurston@democracyforward.org
Phone: (202) 448-9090
Fax: (202) 701-1775

*Counsel for Plaintiff*

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| GIFFORDS LAW CENTER TO PREVENT GUN VIOLENCE,<br>268 Bush Street #555<br>San Francisco, CA 94104,<br><br>　　　　*Plaintiff*,<br><br>　　vs.<br><br>U.S. DEPARTMENT OF JUSTICE<br>950 Pennsylvania Avenue, NW<br>Washington, DC 20530.<br><br>　　　　*Defendant*. | Case Number: _____<br><br>**COMPLAINT FOR INJUNCTIVE RELIEF** |

Complaint for Injunctive Relief; Case No.: _____
Page: 1

1. Plaintiff Giffords Law Center to Prevent Gun Violence ("Giffords Law Center") brings this action against Defendant U.S. Department of Justice ("DOJ"), to compel compliance with the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"). Plaintiff has submitted FOIA requests for records that would reveal the extent to which the Washington gun lobby is exercising influence and control over the Trump Administration's selection of nominees for lifetime appointments to federal judgeships. Defendant has failed to respond to these requests.

2. President Trump is nominating and the Senate is confirming judges to lifetime appointments on the federal bench at a historically unprecedented pace, and the Washington gun lobby stands to reap a windfall from these appointments. National Rifle Association ("NRA")-favored nominees have already been confirmed, and several more stand to be confirmed soon.

3. The information sought by Plaintiff's FOIA requests, which could illuminate the gun lobby's influence on the ongoing life-tenured appointments of federal judges, is of exceptional and immediate public importance. Presenting the public with the information Plaintiff seeks is critical to ensuring full and fair deliberation of the qualifications of the President's nominees. It is especially important in light of the speed with which the Senate is proceeding with the confirmation process and concerns that have arisen regarding some nominees' failure to disclose all relevant information to Senate decision makers.[1]

4. Despite the pressing need for this information, the Administration has to date failed to produce *any* responsive records, and indeed it has informed Plaintiff that many months will pass before it will conduct a complete search, much less begin processing records for production. By that time, the Senate may have completed the confirmation proceedings for

---

[1] *See* Mark Joseph Stern, *In Shocking Twist, GOP Committee Chair Repudiates Trump's Worst Judicial Nominees*, Slate (Dec. 15, 2017), https://slate.com/news-and-politics/2017/12/chuck-grassley-repudiates-trumps-worst-judicial-nominees.html (detailing Senate Judiciary Committee chair Chuck Grassley's opposition to nomination of candidate who failed to disclose substantial background information).

Complaint for Injunctive Relief; Case No.: _____
Page: 2

many more of the President's judicial nominees, and may have done so without the benefit of a public understanding of the degree to which the Washington gun lobby influenced their selection and confirmation.

### JURISDICTION AND VENUE

5. This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

6. Venue is proper under 5 U.S.C. § 552(a)(4)(B) because Plaintiff has its principal place of business in San Francisco, California.

### PARTIES

7. Plaintiff Giffords Law Center is a nonprofit unincorporated association operating under section 501(c)(3) of the Internal Revenue Code. Based in San Francisco, California, Giffords Law Center also has staff members located in New York City, NY, and Washington, DC. Plaintiff is one of the nation's leading legal and policy organizations dedicated to finding sensible solutions that will prevent further gun violence.

8. Defendant is a federal agency within the meaning of FOIA, 5 U.S.C. § 552(f)(1). Defendant has possession, custody, and control of records to which Plaintiff seeks access.

### FACTUAL ALLEGATIONS

9. President Trump is nominating judges to the federal bench at a rapid pace, and the Senate is moving just as quickly to confirm them.[2]

10. The President's judicial appointments will affect the country for decades. As the President himself said of his judicial nominations, "when you think about it, Mitch [McConnell]

---

[2] Carl Hulse, *Trump and McConnell See a Way to Make Conservatives Happy*, N.Y. Times (Oct. 17, 2017), https://www.nytimes.com/2017/10/17/us/politics/trump-mcconnell-judicial-nominees.html?hp&action=click&pgtype=Homepage&clickSource=story-heading&module=first-column-region&region=top-news&WT.nav=top-news&_r=1.

Complaint for Injunctive Relief; Case No.: _____
Page: 3

and I were saying, that has consequences 40 years out, depending on the age of the judge – but 40 years out."[3]

11. Despite the long-term impacts that these judges will have on the country, in its speed to fill the courts with Trump's nominees, the Senate has been scrapping a hundred-year-old procedural norm[4] and confirming judges whom the non-partisan American Bar Association has determined to be unqualified.[5]

12. At the same time that these lifetime appointments are being made in quick succession, the NRA's influence over the selection of nominees has never been higher.

13. Close ties between President Trump, his Administration, and the Washington gun lobby are well documented: the NRA formally endorsed President Trump during the Republican primary[6] and broke its own spending records in support of then-candidate Trump.[7]

14. After taking office, President Trump stated, in reference to the group's campaign support: "You came through for me, and I am going to come through for you."[8]

---

[3] *Id.*

[4] Seung Min Kim, *Grassley Rips Up 'Blue Slip' for a Pair of Trump Court Picks*, Politico (Nov. 16, 2017), https://www.politico.com/story/2017/11/16/chuck-grassley-trump-court-picks-245367.

[5] Jennifer Bendery, *Senate Confirms Federal Judge Rated 'Not Qualified' to Serve*, HuffPost (Dec. 12, 2017), https://www.huffingtonpost.com/entry/senate-confirms-leonard-steven-grasz_us_5a2ffeefe4b01598ac486379.

[6] *NRA Endorses Donald Trump for President of the United States*, NRA-ILA News (May 20, 2016), https://www.nraila.org/articles/20160520/nra-endorses-donald-trump-for-president-of-the-united-states.

[7] Jon Schuppe, *NRA Sticking with Trump, Breaks Own Record for Campaign Spending*, NBC News (Oct. 12, 2016), https://www.nbcnews.com/news/us-news/nra-sticking-trump-breaks-own-record-campaign-spending-n665056 (reporting that the NRA spent more than $21 million to help elect President Trump).

[8] Michael D. Shear, *Trump Tells N.R.A. Convention, 'I Am Going to Come Through for You,'* N.Y. Times (Apr. 28, 2017), https://www.nytimes.com/2017/04/28/us/politics/donald-trump-nra.html.

Complaint for Injunctive Relief; Case No.: _____
Page: 4

15. An issue of central importance to the NRA, and an important reason for its endorsement of President Trump, was its belief that President Trump would nominate a Supreme Court jurist sympathetic to the gun lobby's views.[9] President Trump delivered on this expectation with the nomination of Neil Gorsuch.[10] He did so with significant support and encouragement from the NRA,[11] with the NRA spending one million dollars on an advertising campaign to support the Justice's confirmation.[12]

16. President Trump is now filling additional federal court judgeships with nominees favored by, and supportive of, the gun lobby.

17. In September, the NRA's flagship publication endorsed four nominees who "Stand For Gun Rights."[13] Since then, the Senate confirmed one for a seat on the U.S. Court of Appeals for the Tenth Circuit; the Senate Judiciary Committee approved three on party-line votes.

18. Perhaps the most controversial of the nominees who support the gun lobby's agenda is Brett Talley, whom President Trump nominated for a seat on the United States District Court for the Middle District of Alabama. Mr. Talley was unanimously determined to be unqualified by the American Bar Association and failed to disclose that he is married to a senior

---

[9] *See* NRA-ILA News, *supra* note 6 (focusing its endorsement announcement on the need to ensure a pro-gun successor to Justice Scalia).

[10] *NRA Applauds Neil Gorsuch's Nomination to the U.S. Supreme Court*, NRA-ILA News (Jan. 31, 2017), https://www.nraila.org/articles/20170131/nra-applauds-neil-gorsuchs-nomination-to-the-us-supreme-court.

[11] *Id.*

[12] Mark Hensch, *NRA Makes $1M Ad Buy to Tout Gorsuch: Report*, Hill (Mar. 13, 2017), http://thehill.com/regulation/court-battles/323809-nra-makes-1m-ad-buy-to-tout-gorsuch-report/.

[13] Dave Kopel & Joseph Greenlee, *We Need Judges Who Stand for Gun Rights*, NRA Am.'s 1st Freedom (Sept. 28, 2017), https://www.americas1stfreedom.org/articles/2017/9/28/we-need-judges-that-stand-for-gun-rights/.

Complaint for Injunctive Relief; Case No.: _____
Page: 5

lawyer in the White House Counsel's Office.[14]  Plaintiff's request for documentation of any NRA lobbying on Talley's behalf was prompted, in part, by blog posts in which Talley pledged his "support to the NRA; financially, politically, and intellectually," and appealed to others to do the same: "Join the NRA.  They stand for all of us now, and I pray that in the coming battle for our rights, they will be victorious."[15]

19. In the aftermath of extensive opposition to the Talley nomination, including by Plaintiff, a White House spokesperson stated on December 13, 2017, that the Talley nomination would not proceed.[16]  Despite the Administration's evident withdrawal of Talley's nomination, the records Plaintiff seeks remain highly relevant, as they would document any pressure the gun lobby applied to advance the nomination of such an unqualified individual to the brink of confirmation.

20. Unsurprisingly, the executive director for the NRA's political arm has praised the Trump Administration's nominations as evidence that President Trump "is keeping his promise to the American people by nominating constitutional originalists across the federal courts."[17]

---

[14] Matt Apuzzo & Michael S. Schmidt, *Trump Judicial Pick Did Not Disclose He Is Married to a White House Lawyer*, N.Y. Times (Nov. 13, 2017), https://www.nytimes.com/2017/11/13/us/politics/trump-judge-brett-talley-nomination.html.

[15] Brett J. Talley, *A Call to Arms: It's Time to Join the National Rifle Association*, Government in Exile: When Your Guy Doesn't Win (Jan. 26, 2013), https://happywarriordotme.wordpress.com/2013/01/26/a-call-to-arms-its-time-to-join-the-national-rifle-association/; *see also* Josh Gerstein, *D.C. Circuit Nominee Says He Worked on White House Response to Mueller Probe*, Politico (Oct. 17, 2017), http://www.politico.com/story/2017/10/17/greg-katsas-worked-on-white-house-mueller-response-243862.

[16] *See* Carrie Johnson, *White House: Nomination of Alabama Lawyer Brett Talley 'Will Not Be Moving Forward,'* NPR (Dec. 13, 2017), https://www.npr.org/2017/12/13/570499146/white-house-nomination-of-alabama-lawyer-brett-talley-will-not-be-moving-forward.

[17] Stephen Gutowski, *Gun Groups React Positively to New Trump Judicial Nominations*, Wash. Free Beacon (May 10, 2017), http://freebeacon.com/issues/gun-groups-react-positively-new-trump-judicial-nominations/.

21. As set forth in greater detail below, Plaintiff submitted three FOIA requests to Defendant. These requests sought records revealing the extent to which the Washington gun lobby was involved with, or otherwise influenced, the Administration's judicial nomination and confirmation process.

22. The information sought by the requests is of urgent public importance. Yet, as noted, the Administration has to date failed to produce *any* responsive records, and has informed Plaintiff that many months will pass before it will conduct an initial search, much less begin processing records for production.

<u>Plaintiff's NRA Judicial Nominations FOIA Request</u>

23. On October 24, 2017, Plaintiff provided a FOIA request to Defendant seeking the following information regarding then-pending judicial nominees that were most plainly aligned with the NRA (the "NRA Judicial Nominations FOIA Request"):

> Any and all records, communications, or attachments containing the terms: (i) NRA, NRA-ILA, national rifle association, rifle association, nra.org, nraila.org, Pete Brownell, Wayne LaPierre, Josh Powell, Chris Cox, Richard Childress, Carolyn Meadows, Wilson Phillips, John Frazer, Dana Loesch, Steve Sanetti, Larry Keane, gun lobby, National Shooting Sports Foundation, NSSF, Gun Owners of America, or derivations thereof; **and** (ii) district court, federal court, circuit, judicial vacancy, Brett Talley, Allison Eid, Mark Norris, Liles Burke, William Ray, or any derivations thereof.

24. Plaintiff requested that Defendant search for records sent or received by the following DOJ Offices: Office of the Attorney General, Office of the Deputy Attorney General, Office of Legal Policy, and Office of Public Affairs.

25. The search time period requested for this FOIA request was from January 20, 2017 to the date on which the request is processed.

26. Plaintiff requested expedited processing for this request,

> [S]o that the Giffords Law Center may understand, and explain to the public, the extent to which the gun lobby has been involved in the selection and confirmation of the President's judicial nominations *prior to Congress voting*

Complaint for Injunctive Relief; Case No.: _____
Page: 7

on those nominees. A number of the nominees, whose nominations are pertinent to this request, will soon be considered for confirmation by the United States Senate. The records sought by this request will have the most public benefit if they are made accessible prior to such a vote.

27. Plaintiff also sought a waiver of search and duplicating fees under 5 U.S.C. § 552(a)(4)(A)(ii) and (iii), which waive fees if the requester is a "representative of the news media" and the records are not sought for commercial use, or if the disclosure is "in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government and is not primarily in the commercial interest of the requester."

28. On November 1, 2017, Defendant provided a letter acknowledging receipt of the NRA Judicial Nominations FOIA Request, assigning DOJ Tracking Number EMRUFOIA102417-2, and notifying Plaintiff that the request had been referred to the appropriate DOJ components that had been requested in the NRA Judicial Nominations Request, or which were otherwise likely to have the records sought.

### Plaintiff's Judicial Nominations FOIA Request

29. On October 24, 2017, Plaintiff provided a FOIA request to Defendant seeking the following information regarding all then-pending judicial nominees (the "Judicial Nominations FOIA Request"):

> Any and all records, communications, or attachments containing the terms: (i) NRA, NRA-ILA, national rifle association, rifle association, nra.org, nraila.org, Pete Brownell, Wayne LaPierre, Josh Powell, Chris Cox, Richard Childress, Carolyn Meadows, Wilson Phillips, John Frazer, Dana Loesch, Steve Sanetti, Larry Keane, gun lobby, National Shooting Sports Foundation, NSSF, Gun Owners of America, or derivations thereof; **and** (ii) district court, federal court, circuit, judicial vacancy, any of the names contained in the following list, or derivations thereof:
>
> - Stephanos Bibas
> - Thomas Farr
> - A. Marvin Quattlebaum
> - Donald Coggins
> - Kurt Engelhardt
> - Don Willett

Complaint for Injunctive Relief; Case No.: _____
Page: 8

- James Ho
- Barry Ashe
- Terry Doughty
- Michael Juneau
- Jeff Mateer
- Karen Scholer
- Matthew Kacsmaryk
- Fernando Rodriguez Jr.
- Walter Counts III
- Claria Boom
- Robert Wier
- Rebecca Jennings
- Eli Richardson
- William Campbell Jr.
- Mark Norris Sr.
- Thomas Parker
- Michael Brennan
- Amy Barrett
- L. Steven Grasz
- Thomas Farr
- David Stras
- Ryan Bounds
- Allison Eid
- Daniel Domenico
- John Broomes
- Holly Teeter
- Scott Palk
- Howard Nielsen Jr.
- Brett Talley
- Emily Marks
- Liles Burke
- Annemarie Axon
- Terry Moorer
- Jeffrey Beaverstock
- Tilman Self III
- William Ray II
- Michael Brown
- R. Stan Baker
- Gregory Katsas
- Matthew Petersen
- Dabney Friedrich
- Trevor McFadden

30. Plaintiff requested that Defendant search for records sent or received by the following DOJ Offices: Office of the Attorney General, Office of the Deputy Attorney General, Office of Legal Policy, and Office of Public Affairs.

31. The search time period requested for this FOIA request was from January 20, 2017 to the date on which the request is processed.

32. Plaintiff also sought a waiver of search and duplicating fees under 5 U.S.C. § 552(a)(4)(A)(ii) and (iii), which waive fees if the requester is a "representative of the news media" and the records are not sought for commercial use, or if the disclosure is "in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government and is not primarily in the commercial interest of the requester."

33. On November 1, 2017, Defendant provided a letter acknowledging receipt of the Judicial Nominations FOIA Request, assigning DOJ Tracking Number EMRUFOIA102417-3, and notifying Plaintiff that the request had been referred to appropriate DOJ components that had been requested in the Judicial Nominations Request, or which were otherwise likely to have the records sought.

34. On November 8, 2017, Defendant provided a letter regarding both the NRA Judicial Nominations FOIA Request and the Judicial Nominations FOIA Request. The letter stated that Defendant received these requests on November 1, 2017.

35. In the November 8, 2017 letter, Defendant stated that the request for expedited processing lacked a required certification, and stated that it would make a decision after receiving such certification. This letter also stated that absent expedited processing, the NRA Judicial Nominations FOIA Request was duplicative of the Judicial Nominations FOIA Request, and as such the administrative tracking numbers associated with the NRA Judicial Nominations FOIA Request would be closed.

36. Defendant's November 8, 2017 letter also stated that "unusual circumstances" apply to the two FOIA Requests, requiring the agency "to extend the time limit to respond to

Complaint for Injunctive Relief; Case No.: _____
Page: 10

your request beyond the ten additional days provided by the statute." This letter also stated that Defendant had not yet made a decision on Plaintiff's request for a fee waiver.

37. On November 29, 2017, Plaintiff provided a letter to Defendant certifying the need for expedited processing of the NRA Judicial Nominations FOIA Request.

38. On December 7, 2017, Defendant provided a response stating that "[b]ecause the [Initial Request ("IR")] Staff responded to your requests [by letter dated November 8, 2017], your appeal from the IR Staff's failure to grant expedited processing of your requests is moot." The letter also suggested that the supposed response from IR Staff was the decision by IR Staff to close Plaintiff's NRA Judicial Nominations FOIA Request as moot following the initial denial of expedition.

Plaintiff's Gorsuch Nomination FOIA Request

39. On October 24, 2017, Plaintiff provided a FOIA request to Defendant seeking the following information regarding the successful nomination and confirmation of Justice Gorsuch (the "Gorsuch Nomination FOIA Request"):

> Any and all records, communications, or attachments containing the terms: (i) NRA, NRA-ILA, national rifle association, rifle association, nra.org, nraila.org, Pete Brownell, Wayne LaPierre, Josh Powell, Chris Cox, Richard Childress, Carolyn Meadows, Wilson Phillips, John Frazer, Dana Loesch, Steve Sanetti, Larry Keane, gun lobby, National Shooting Sports Foundation, NSSF, Gun Owners of America, or derivations thereof; **and** (ii) Scotus, Supreme Court, Heller, McDonald, Peruta, AWB, assault weapons ban, individual right, Second Amendment, Gorsuch, Scalia, Garland, Federalist Society, Fed. Soc., Leonard Leo or derivations thereof.

40. Plaintiff requested that Defendant search for records sent or received by the following DOJ offices: Office of the Attorney General, Office of the Deputy Attorney General, Office of Legal Policy, and Office of Public Affairs.

41. The requested time period for this FOIA request search was from January 20, 2017 to April 31, 2017.

42. Plaintiff also sought a waiver of search and duplicating fees under 5 U.S.C. § 552(a)(4)(A)(ii) and (iii), which waive fees if the requester is a "representative of the news media" and the records are not sought for commercial use, or if the disclosure is "in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government and is not primarily in the commercial interest of the requester."

43. On November 1, 2017, Defendant provided a letter acknowledging receipt of the Gorsuch Nomination FOIA Request, assigning DOJ Tracking Number EMRUFOIA102417-4 to the request, and notifying Plaintiff that the request had been referred to appropriate DOJ components that had been requested in the Gorsuch Nomination FOIA Request, or which were otherwise likely to have the records sought.

44. On December 1, 2017, Defendant sent a letter stating that "unusual circumstances" applied to the Gorsuch Nomination FOIA Request, requiring the agency "to extend the time limit to respond to your request beyond the ten additional days provided by the statute." This letter also stated that the Gorsuch Nomination FOIA Request had been received on November 1, 2017, and that Defendant had not yet made a decision on Plaintiff's request for a fee waiver.

Additional Correspondence with Defendant's FOIA Office

45. On November 2, 2017, counsel for Plaintiff received an email from a Government Information Specialist ("GIS") employed by Defendant requesting a phone call to discuss Plaintiff's FOIA requests. Counsel for Plaintiff and the GIS had such a phone call on November 6, 2017.

46. In the November 6, 2017, phone call, counsel for Plaintiff and the GIS discussed Plaintiff's proposed search terms and suggestions by the GIS to narrow the search terms.

Complaint for Injunctive Relief; Case No.: _____
Page: 12

47. The GIS stated that records contained in Defendant's "Official Records" database could be searched very quickly and that this database includes official correspondence and other official records, but does not include most DOJ email records.

48. The GIS also described the process for conducting a search of Defendant's email records, which the GIS and Plaintiff's counsel agreed are one of the reasonable locations in which to conduct a search. The GIS stated that such a search requires requesting that the Justice Management Division (JMD) conduct a search of identified email custodians with specific electronic search terms and a timeframe for the search, and that JMD would then provide the records identified in the search to the FOIA office to process with additional electronic search terms, and then to review for responsiveness and production.

49. The GIS stated that it would likely take at least four months for JMD to conduct the first electronic search anticipated in the process described. The GIS also stated that after receiving the results from the JMD search, additional time would be required for the FOIA office's additional searches. The GIS estimated that it could take at least ten months for a production of responsive records.

50. The GIS also stated that being granted expedition for a FOIA request had a limited impact on speeding up the processing of the request and that it would not, for example, speed up the timeframe for JMD to conduct an electronic search of its records.

51. Plaintiff's counsel and the GIS had another telephone call on November 17, 2017. In that call the GIS stated that Defendant had determined that JMD would conduct an initial electronic search of email records using the terms contained in subsection (i) of Plaintiff's FOIA requests.[18] (These terms are common across the three requests). The GIS estimated that this

---

[18] Those terms are: NRA, NRA-ILA, national rifle association, rifle association, nra.org, nraila.org, Pete Brownell, Wayne LaPierre, Josh Powell, Chris Cox, Richard Childress, Carolyn

Complaint for Injunctive Relief; Case No.: _____
Page: 13

search would take 4 or 5 months, and that the records from this search would be returned to the FOIA office around March 2018.

52. Thereafter the GIS stated that Defendant expected to conduct additional searches of the records provided by JMD using the terms in subsection (ii) of Plaintiff's FOIA requests (or would seek Plaintiff's agreement to narrow the terms). Thereafter the records would be reviewed for responsiveness and production. The GIS did not provide any specific date by which responsive records would be produced to Plaintiff.

53. The GIS also stated that Defendant did not intend to search the Official Records database, even though this search could be done quickly, until after JMD returned the results from the first electronic search.

\*   \*   \*

54. Pursuant to 5 U.S.C. § 552(a)(6)(A)(i), Defendant was required to determine whether to comply with Plaintiff's FOIA requests within twenty business days of receipt of the requests and to notify Plaintiff immediately of its determination, the reasons therefor, and the right to appeal any adverse determination. Defendant may extend that time by ten business days in the case of unusual circumstances. *See* 5 U.S.C. § 552(a)(6)(B)(i)-(iii).

55. As Defendant stated it received the FOIA requests on November 1, 2017, and claimed "unusual circumstances" for all three requests, its initial determination regarding Plaintiff's FOIA requests was due by December 15, 2017.

56. Defendant has not complied with its obligations under the FOIA because it has not determined whether to comply with Plaintiff's FOIA requests by the statutory deadline. Specifically, it has not produced any records to Plaintiff, nor has it informed Plaintiff of the

---

Meadows, Wilson Phillips, John Frazer, Dana Loesch, Steve Sanetti, Larry Keane, gun lobby, National Shooting Sports Foundation, NSSF, Gun Owners of America, or derivations thereof.

Complaint for Injunctive Relief; Case No.: _____
Page: 14

scope of records that it will produce or the scope of the records that it plans to withhold under any FOIA exemptions.

**CLAIM FOR RELIEF**

57. Plaintiff incorporates by reference the foregoing paragraphs as if fully set forth herein.

58. By failing to respond to Plaintiff's FOIA requests within the statutorily mandated time period, Defendant has violated its duties under 5 U.S.C. § 552, including, but not limited to, the duties to conduct a reasonable search for responsive records, to take reasonable steps to release all nonexempt information, and to not withhold responsive records.

WHEREFORE, Plaintiff prays that this Court:

1. Grant Plaintiff's request for expedition of the NRA Judicial Nominations FOIA Request;
2. Order Defendant to conduct a search for any and all responsive records to Plaintiff's FOIA requests using search methods reasonably likely to lead to discovery of all responsive records;
3. Order Defendant to produce, by a date certain, any and all non-exempt responsive records and a *Vaughn* index of any responsive records withheld under a claim of exemption;
4. Enjoin Defendant from continuing to withhold any and all non-exempt responsive records;
5. Order Defendant to grant Plaintiff's requests for a fee waiver;
6. Award Plaintiff its costs, attorneys' fees, and other disbursements for this action; and
7. Grant any other relief this Court deems appropriate.

Complaint for Injunctive Relief; Case No.: _____
Page: 15

Dated: December 18, 2017

Respectfully submitted,

/s/ Hannah Shearer
Hannah Shearer (CA Bar No. 292710)
Giffords Law Center to Prevent Gun Violence
268 Bush Street #555
San Francisco, CA 94104
hshearer@giffords.org
Phone: (415) 433-2062
Fax: (415) 433-3357

Robin F. Thurston (IL Bar No. 6293950)
(*pro hac vice motion to be filed*)
Democracy Forward Foundation
P.O. Box 34553
Washington, DC 20043
rthurston@democracyforward.org
Phone: (202) 448-9090
Fax: (202) 701-1775

*Counsel for Plaintiff*

\*Admitted in the State of Illinois; practicing under the supervision of members of the D.C. Bar while D.C. Bar application is pending.

Complaint for Injunctive Relief; Case No.: _____
Page: 16